Jones *vs.* The Mobile and Girard Railroad Company.

July term, 1875, of the supreme court. When the case was there called, the writ of error was withdrawn. They then filed their bill for a new trial and for the writ of injunction, alleging that they presented their bill of exceptions in the former case to the judge of the superior court with the certificate thereto erroneously dated, requesting him when he signed the same to alter said date ; that said judge omitted to alter said date ; that when the cause was reached in the supreme court a motion to dismiss was made based on a ground growing out of such incorrect date, and complainants were compelled to withdraw the writ of error to prevent a dismissal of the same. A demurrer being filed, the injunction was refused and the bill dismissed. To this judgment complainants excepted and now assign error thereon.

SMITH & BRANHAM, for plaintiffs in error.

DABNEY & FOUCHE, for defendants.

---

W. H. JONES, assignee, plaintiff in error, *vs.* THE MOBILE AND GIRARD RAILROAD COMPANY, defendant in error.

When there was some testimony before the jury sustaining the plaintiff's case, the order allowing a non-suit was error, even though such evidence would have been excluded as inadmissible had it been objected to.

Non-suit. Evidence. Practice in the Superior Court. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1875.

Jones *vs.* The Mobile and Girard Railroad Company.

Reported in the decision.

THORNTON & GRIMES, for plaintiff in error.

PEABODY & BRANNON, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover compensation for work and labor performed in the construction of defendant's road. There was much evidence introduced on the part of the plaintiff, without objection, as to the terms of the contract under which the work was to be done by the plaintiff, as well as to the mode of payment therefor. The original contract in writing between the parties was not offered in evidence by the plaintiff, but he was allowed to prove that he had done the work and the value thereof, and that he agreed to receive in payment therefor the stock notes of the citizens of Pike county, Alabama, who had subscribed for stock in defendant's road, and which were payable to the defendant. The plaintiff stated that he had received from the agents of defendant stock notes on the people of Pike county to the amount of $11,950 00, but that the same were insolvent and not collectable; that when he agreed to take the notes for the work, the defendant promised to guaranty the payment thereof, and that on the faith of that guaranty the work was done. The plaintiff had a settlement with defendant's treasurer and superintendent on the 22d of January, 1862, and receipted to them for the notes on the people of Pike county, which he had previously received from defendant, amounting to $11,950 00, as before mentioned, in which receipt it was stated " the solvency of said notes being guaranted by the Mobile and Girard Railroad Company." This receipt was written by the treasurer on the books of the company, and signed by the plaintiff. The insolvency of the makers of the notes was proved. After the plaintiff had closed his evidence the defendant made a motion for a nonsuit, which was granted by the court, and the plaintiff excepted.

The main question in the case was whether the defendant had guaranted the solvency of the notes which the plaintiff had received on the people of Pike county in payment for his work on its road; that the plaintiff had done the work on defendant's road, and that the makers of the notes were insolvent, was clearly proven by the evidence. The motion for a non-suit was in the nature of a demurrer to the plaintiff's evidence; that is to say, admitting everything that the plaintiff had proved to be true, under the law, he was not entitled to recover. In our judgment, inasmuch as the evidence showed that the plaintiff had done the work on the defendant's road, and it had received the benefit of that work, that the notes paid him therefor were on persons who were insolvent, and there being some evidence, at least, that the defendant had guaranted the solvency of the notes by the acts of its officers and agents in accepting the plaintiff's receipt with that statement on it, and entering the same on the books of the company, the court erred in non-suiting the plaintiff's case. Whether the plaintiff, in his written contract, bound himself to do the work on defendant's road, and receive in payment therefor the stock notes of the people of Pike county, without any guaranty as to the solvency of the makers thereof by the defendant, was not a question before the court, because that written contract was not offered in evidence. The plaintiff's evidence was admitted without objection, so far as the record shows, and our judgment is based alone upon that evidence.

Let the judgment of the court below be reversed.